

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV–15–199

ERIKA TURNER

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES

APPELLEE

Opinion Delivered September 2, 2015

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. JV–2013–578]

HONORABLE VICKI SHAW COOK,
JUDGE

AFFIRMED; MOTION TO
WITHDRAW GRANTED

## M. MICHAEL KINARD, Judge

This is an appeal from an order terminating appellant's parental rights to her two minor children, then ages six and ten. The children were removed from appellant's custody in September 2013 after appellant choked the children, beat up her mother, and was arrested for possession of a controlled substance, leaving the children with no appropriate caregiver. Appellant's parental rights were terminated in December 2014 on findings by clear and convincing evidence that termination was in the children's best interest and that multiple statutory grounds existed, including (1) that, subsequent to the original petition, other factors had arisen demonstrating that parental custody would be contrary to the children's health, safety, and welfare, and that appellant had manifested the incapacity or indifference to remedy the subsequent issues, Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)*(a)* (Supp. 2013); and (2) that appellant had subjected the children to aggravated circumstances in that the court found that

there was little likelihood that services to the family would result in successful reunification, Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)*. There was evidence that appellant failed to comply with major parts of the case plan, that she continued to abuse controlled substances for many months after the children were removed from her custody, that she tested positive for methamphetamine while the children were with her in a trial placement, that she had pled guilty to drug charges and been placed on probation just two months before the termination hearing, that she had not maintained regular contact with appellee, that she had not maintained stable employment or housing, and that the children were adoptable.

Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief contains an abstract and addendum of the proceedings below, details all adverse rulings made at the termination hearing, and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to be relieved to the appellant, informing her of her right to file pro se points for reversal under Rule 6-9(i)(3). Appellant has not filed a statement.

From our review of the record and the brief presented to us, we conclude that counsel has complied with Rule 6-9(i) and that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and GLOVER, JJ., agree.
*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.
No response.